DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant/Appellant Brock Smith appeals from the sentence imposed by the Lawrence County Court of Common Pleas. Appellant contends that the trial court erred in sentencing him to more than the minimum term authorized for the offense and that the sentence was unlawful under Ohio's sentencing guidelines. In light of the Supreme Court of Ohio's recent decision imposed inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, we vacate the sentence imposed on Appellant and remand the case to the Lawrence County Common Pleas Court for a new sentencing hearing.
 {¶ 2} On July 20, 2004, a jury found Appellant guilty of aggravated burglary, a felony of the first degree, in violation of R.C. 2911.01(A)(1), and also found that a firearm specification was appropriate.[1] As a result of this conviction, the trial court sentenced Appellant to a non-minimum term of imprisonment of nine years and also ordered that Appellant serve the three-year firearm specification consecutively to the nine-year term of imprisonment. Appellant originally appealed the imposition of the nine-year, non-minimum term of imprisonment on August 13, 2004, contending that the trial court erred by failing to follow the required statutory guidelines. We agreed and therefore remanded the issue to the trial court for re-sentencing.
 {¶ 3} Appellant was re-sentenced on July 6, 2005. At the re-sentencing hearing, the trial court again sentenced Appellant to a nine-year, non-minimum term of imprisonment. The three year term related to the firearm specification was again ordered to be served consecutively to the nine-year term. It is from this re-sentencing that Appellant brings his current appeal, assigning a single assignment of error for our review.
 {¶ 4} "I. THE TRIAL COURT ERRED IN SENTENCING DEFENDANT/APPELLANT TO MORE THAN THE MINIMUM TERM AUTHORIZED FOR THE OFFENSE CHARGE (SIC) AND SAID SENTENCE WAS UNLAWFUL UNDER OHIO SENTENCING GUIDELINES."
 {¶ 5} Appellant argues that the sentence imposed at the re-sentencing hearing was unlawful because the trial court failed to comply with the requirements of R.C. 2929.14(B)(2), which requires that the trial court make certain findings before imposing a non-minimum sentence. He also argues that the findings made at the re-sentencing hearing were not supported by the record. Recently, the Supreme Court of Ohio held in Foster,
supra, that certain Ohio felony sentencing statutes violate theSixth Amendment to the United States Constitution.
 {¶ 6} The holding in Foster came about as a direct result of multiple appeals brought based on the reasoning of Apprendiv. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348 and Blakelyv. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531. Although Appellant does not base his appeal on the reasoning ofApprendi, Blakely, or more recently, Foster, we find that we cannot address Appellant's assigned error without referencing and relying on the reasoning of Foster. R.C. 2929.14(B), which requires judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, is amongst the number of statutes deemed unconstitutional in Foster. Foster, supra, at ¶ 83. Because Appellant essentially argues that the trial court failed to make the findings required by R.C. 2929.14(B)(2), which findings Foster has held to be unconstitutional to begin with, we must apply the reasoning of Foster, sua sponte.
 {¶ 7} Appellant was sentenced to a greater-than-minimum sentence for his crime by means of R.C. 2929.14(B)(2), which permits such an upward deviation in the sentence if the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. Because Appellant was sentenced in part under R.C. 2929.14(B), the ruling in Foster applies to the case sub judice; therefore, as R.C. 2929.14(B) was deemed unconstitutional, the sentence is rendered void.
 {¶ 8} When a sentence is deemed void, "the ordinary course is to vacate that sentence and remand to the trial court for a new sentencing hearing." Foster, supra, at ¶ 103, citing State v.Jordan, 104 Ohio St.3d 21, 27, 2004-Ohio-6085, 817 N.E.2d 864. Therefore, the proper procedure in this case is to vacate the sentence imposed on Appellant and remand the case to the Lawrence County Common Pleas Court to conduct a new sentencing hearing.
 {¶ 9} Accordingly, the sentence imposed by the Lawrence County Court of Common Pleas is vacated, and the case is remanded for a new sentencing hearing in accordance with the directives announced by the Supreme Court of Ohio in Foster, supra.
SENTENCE VACATED AND CAUSE REMANDED.
[1] At his original trial, Appellant was also convicted of felonious assault, with a firearm specification, which sentences were ordered to be served consecutively to the aggravated burglary sentence. However, we reversed Appellant's conviction related to the charge of felonious assault, along with the firearm specification, and ordered a new trial. The current appeal is limited to the re-sentencing on the aggravated burglary conviction only.
 JUDGMENT ENTRY
It is ordered that the SENTENCE BE VACATED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, P.J.: Dissents with Dissenting Opinion.
Kline, J.: Concurs in Judgment and Opinion.